UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMOS JONES,<br><br>   Plaintiff,<br><br> v.<br><br>S. MORA, et al.,<br><br>   Defendants. | Case No. 20-cv-04093-TSH<br><br>**DISCOVERY ORDER**<br><br>Re: Dkt. No. 34 |

Plaintiff served request for production ("RFP") 15 on both Defendants. It sought "All DOCUMENTS or COMMUNICATIONS that constitute YOUR complete personnel file, or personnel record." ECF No. 34, Exs. A & B. Defendants objected to RFP 15 in its entirety. ECF No. 34, Exs. C & D. Through subsequent meet and confer, Plaintiff has narrowed the request to the following six items from Defendants' personnel files at CDCR:

 1. Periodic performance evaluations of Defendants by Defendants' superiors;

 2. Documents pertaining to any reasoning for transfers of Defendants within CDCR;

 3. Any findings or allegations of dishonesty or bias;

 4. All information about the incident in this case;

 5. Evidence of bias by Defendants against Plaintiff; and

 6. Any findings of misconduct, or allegations or pending investigations of misconduct, or information about misconduct (like information in a performance review) that are similar to the allegations in this case (such as use of excessive force or a pattern of behavior or course of conduct reflecting the malicious intent that is

1  required for an Eighth Amendment claim of excessive force)

2  Plaintiff now moves to compel the production of these six items, and Defendants oppose.
3  ECF No. 34.

4  Plaintiff argues that Defendants' privacy rights are outweighed by the relevance and
5  importance of this information to Plaintiff in proving his case. Plaintiff seeks this evidence
6  because it might demonstrate a continuing course of conduct that could help to establish motive or
7  intent or information bearing on Defendants' credibility. Plaintiff says this information is critical
8  to his core claim of retaliation.

9  Defendants say that except for performance reviews, no such documents exist. Madsen
10 adds a qualification that as to transfers, she spent about 60 days at a different prison near the
11 beginning of the pandemic. For the fifth item (evidence of bias by Defendants against Plaintiff),
12 Defendants argue it is vague and subjective. For items 1, 3 and 6, Defendants say no such items
13 exist, but even if they did they would be inadmissible character evidence. Finally, Defendants
14 argue that personnel files contain highly sensitive information such as social security numbers,
15 home addresses, banking information, and so on.

16 The Court grants Plaintiff's motion to compel. The Court orders Defendants to produce
17 the six categories of documents. If nothing responsive exists other than the performance reviews,
18 then Defendants shall produce the performance reviews and represent to Plaintiff they have
19 complied with this order.

20 The information sought is relevant and proportional to the needs of the case. Items 4 and 5
21 relate directly to this case. Item 5 might be vague and a matter of opinion were the RFP not
22 confined to Defendants' personnel files. At the hearing the Court explained that defense counsel
23 should be able to review this limited set of documents to determine if any of them have anything
24 to do with the Plaintiff, and if so, whether they may be evidence of bias. Items 1, 2, 3 and 6 relate
25 to other potential instances of misconduct, which (if there are any) may be circumstantial evidence
26 to support Plaintiff's case and could also bear on Defendants' credibility. Whether the requested
27 documents are admissible at trial is a different matter, and may depend on what they say and for
28 what purpose they may be offered. Defendants may redact any highly sensitive information, such

2

as social security numbers, home addresses, banking information, and so on.

**IT IS SO ORDERED.**

Dated: June 6, 2022

_____
THOMAS S. HIXSON
United States Magistrate Judge