UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMOS JONES,<br><br>        Plaintiff,<br><br>v.<br><br>S. MORA, et al.,<br><br>        Defendants. | Case No. 20-cv-04093-TSH<br><br>**ORDER RE: MOTIONS IN LIMINE**<br><br>Re: Dkt. Nos. 59, 63 |

Pending before the Court are Defendants' Motions in Limine, ECF No. 59, and Plaintiff's Motions in Limine, ECF No. 63. On December 1, 2022, the Court held a Pretrial Conference and heard oral argument on the motions in limine. For the reasons stated below, the Court **GRANTS** Defendants' Motions in Limine Nos. 1–4, **GRANTS** Plaintiff's Motions in Limine No. 1, **GRANTS IN PART AND DENIES IN PART** Plaintiff's Motion in Limine No. 2, **GRANTS** Plaintiff's Motion in Limine No. 3, and **DENIES** Plaintiff's Motion in Limine No. 4.

**A.    Defendants' Motions in Limine**

    **1.    Defendants' Motion in Limine No. 1**

Defendants move to exclude evidence of inmates' grievances and lawsuits against Defendants. ECF No. 59 at 2. Defendants argue this evidence is hearsay, improper character evidence, unfairly prejudicial, and confusing to the jury. *Id.* at 2-4. Plaintiff argues the inmates' allegations are not hearsay because the statements prove that grievances were filed against Defendants and demonstrate Defendants' motive and intent to retaliate against Plaintiff. ECF No. 72 at 1-3.

Even if the other inmates' allegations are not used for the truth of the matter asserted, "it is clear that any complaints, allegations, or investigations regarding [Defendants'] previous conduct

1    are inadmissible not only because such evidence would be unduly prejudicial, but also because
2    such evidence is irrelevant." *Brooks v. Haggett*, Case No. 07-cv-2615-MEJ, 2010 WL 4226693,
3    at *2 (N.D. Cal. Oct. 21, 2010). The inmates' allegations, grievances, and lawsuits have little
4    probative value because they do not involve the facts of this case. Moreover, neither party has
5    introduced evidence of the circumstances surrounding these allegations, grievances, and lawsuits.
6    *See United States v. Bailey*, 696 F.3d 794, 799 (9th Cir. 2012) ("In order for the government to
7    introduce the prior SEC complaint, there must have been sufficient evidence from which the jury
8    could reasonably conclude that Bailey actually committed the allegedly-similar bad acts."). In
9    contrast, "[p]ermitting a jury to hear complaints in an officer's personnel file presents a grave
10   danger of unfair prejudice." *Brooks*, 2010 WL 4226693, at *2; *see United States v. Keller*, Case
11   No. 18-cv-0462-VC, 2021 WL 5150642, at *2 (N.D. Cal. Nov. 5, 2021) ("To the extent [the
12   separate allegations] are probative of motive or intent, as the government contends, that relevance
13   is substantially outweighed by the risk of unfair prejudice."); *Lucero v. Ettare*, Case No. 15-cv-
14   2654-KAW, 2017 WL 11693747, at *5 (N.D. Cal. June 5, 2017) (excluding prior complaints
15   because "the prejudicial value significant, as the filing of a complaint could suggest Ettare acted
16   badly even if the complaint was ultimately found to be without merit. There would also be a risk
17   of wasting time on a collateral issue of what resulted from the complaints[.]").

18   Accordingly, the Court **GRANTS** Defendants' Motion in Limine No. 1.

### 2.  Defendants' Motion in Limine No. 2

20   Defendants seek to preclude Plaintiff's witness, Jason Smith, from testifying "Jones told
21   me he had just been assaulted." ECF No. 59 at 5. Defendants argue that the statement is
22   inadmissible hearsay and no hearsay exception applies. *Id*. at 5-6. Plaintiff argues that the
23   statement falls under the excited utterance and present sense impression exceptions. ECF No. 72
24   at 3-4.

25   Under Federal Rule of Evidence ("FRE") 803,

> The following are not excluded by the rule against hearsay, regardless of whether the declarant is available as a witness:
>
> (1) Present Sense Impression. A statement describing or explaining an event or condition, made while or immediately after the declarant

2

>perceived it.
>(2) Excited Utterance. A statement relating to a startling event or condition, made while the declarant was under the stress of excitement that it caused.

"In order to admit evidence under a hearsay exception, the district court must find by a preponderance of evidence that the foundation requirements are satisfied." *United States v. Short*, 48 F.3d 1229, 1230 (9th Cir. 1995); *see United States v. McLennan*, 563 F.2d 943, 948 (9th Cir. 1977) ("[W]hen a hearsay statement is offered . . . the trial court must make a preliminary factual determination that the declarant was so excited or distraught at the moment of utterance that he did not reflect (or have an opportunity to reflect) on what he was saying."); *Torres v. City of Santa Clara,* Case No. 13-cv-1475-PSG, 2014 WL 4145509, at *3 (N.D. Cal. Aug. 20, 2014) ("In making the foundational inquiry on admissibility under [FRE 803(1) (present sense impression), 803(2) (excited utterances), or 803(3) (state of mind) ], the court must evaluate three factors: contemporaneousness, chance for reflection, and relevance.").

Here, Plaintiff allegedly made the statement to Smith minutes after the incident and after Plaintiff walked from the hallway to the yard. ECF Nos. 59 at 6; 72 at 5-6. Plaintiff argues he made the statement while under the stress of the incident. ECF No. 72 at 5. However, the only evidence Plaintiff offers in support of this argument is Plaintiff's deposition testimony: "[a]fter the search, I was lost. I didn't know what was going on…How do I tell somebody that another man just sexually assaulted me?" The Court finds this evidence is insufficient to demonstrate that the statement falls under the present sense and excited utterance exceptions. *Compare with Woods v. Sinclair*, 764 F.3d 1109, 1125 (9th Cir. Aug. 25, 2014) (admitting post-incident statement under hearsay exception because "when Jade was first moved into the ambulance, Ragland–Stone said she was 'whimpering, like crying almost' and was 'very emotional, very distraught, clearly upset and in a lot of pain.'"); *Bathe v. United States*, Case No. 20-cv-1574-LHK, 2021 WL 981230, at *6 (N.D. Cal. Mar. 16, 2021) (admitting post-incident statement because "SGT Wahrer recounted the stress of the accident in vivid detail . . . SGT Wahrer testified that he was 'disoriented'; heard SPC Hicks 'screaming kind of uncontrollably'; watched Mr. Bathe's eyes roll back into his head; and tried frantically to keep Mr. Bathe conscious."). Because Plaintiff fails to meet the required foundational requirements at this stage, the Court **GRANTS** Defendants' Motion in Limine No. 2.

1  However, if, during the course of trial, Plaintiff has sufficiently met the foundational requirements,
2  Plaintiff may raise this issue before the Court and outside the presence of the jury.

### 3. Defendants' Motion in Limine No. 3

Defendants seek to bifurcate this trial into 1) a liability and compensatory damages phase and 2) a punitive damages phase. ECF No. 59 at 6-7. Defendants argue that evidence of Defendants' finances may improperly influence the jury's deliberations on liability and compensatory damages, is intrusive and potentially embarrassing, and may be irrelevant if the jury finds Defendants are not liable. *Id*. at 7. Plaintiff argues evidence of liability, compensatory damages, and punitive damages are substantially the same, Defendants' finances may not become relevant at trial, and any prejudice could be cured by jury instructions. ECF No. 72 at 6-8.

The Court has broad discretion in deciding whether to bifurcate a trial. *Zivkovic v. S. Cal. Edison Co*., 302 F.3d 1080, 1088 (9th Cir.2002). "For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial." Fed.R.Civ.P. 42(b).

The Court recognizes that courts "trying section 1983 cases in this circuit often bifurcate the punitive damages issue." *Monroe v. Griffin*, Case No. 14-cv-0795-WHO, 2015 WL 5258115, at *5 (N.D. Cal. Sept. 9, 2015); *see generally Henderson v. Prado*, Case No. 05-cv-0234-VRW, 2007 WL 1229330 (N.D. Cal. Apr. 24, 2007); *Baker v. Yassine*, Case No. 11-cv-0246-AC, 2016 WL 4264149 (E.D. Cal. Aug. 15, 2016). The Court also agrees that "[e]vidence of Defendants' financial condition in the initial part of the trial is not relevant and would be more prejudicial than probative under Rule 403." *Edwards v. Bratton*, Case No. 13-cv-0345-EPG-PC, 2016 WL 1588398, at *4 (E.D. Cal. Apr. 20, 2016). Moreover, bifurcation "does not raise serious efficiency concerns, as the same jury that decides liability and entitlement to punitive damages may also decide the amount of punitive damages." *Monroe*, 2015 WL 5258115 at *5. The Court **GRANTS** Defendants' Motion in Limine No. 3. If the jury returns a verdict for Plaintiff and finds that he is entitled to punitive damages, then the same jury will consider the amount of punitive damages to award.

4

**4.     Defendants' Motion in Limine No. 4**

Defendants move to exclude evidence of the State of California's indemnification of Defendants as irrelevant and unfairly prejudicial. ECF No. 59 at 7-8. Plaintiff does not oppose evidence of indemnification for the purpose of liability or damages but argues Plaintiff may use the evidence to prove bias or prejudice under FRE 411. *Id*.

"Evidence of indemnification is generally inadmissible but may be used to show prejudice or bias of a witness." *In re Hanford Nuclear Reservation Litig*., 534 F.3d 986, 1014 (9th Cir. 2008) (citing FRE 411). However, "[i]nformation regarding whether the State or CDCR would pay any verdict or reimburse Defendants for any compensatory damage award is not relevant to Plaintiff's claim of excessive force . . . [and] should be excluded because its probative value is substantially outweighed by both a danger of unfair prejudice and a danger of confusing the issues." *Shepard v. Perez*, Case No. 10-cv-0023-BAM PC, 2013 WL 1785913, at *4 (E.D. Cal. Apr. 25, 2013); *see Jacobs v. Alexander*, Case No. 02-cv-1625-SAB (PC), 2015 WL 8010537, at *4 (E.D. Cal. Dec. 7, 2017) ("The evidence is prejudicial because a jury is more inclined to deliver a verdict against a defendant if it believes that he is indemnified as opposed to the defendant alone being required to satisfy the judgment."); *Washington v. Samuels*, Case No. 12-cv-1404-SAB (PC), 2016 WL 3999990, at *4 (E.D. Cal. July 25, 2016) (same); *Williams v. Steglinkski*, Case No. 12-cv-0786-SAB, 2016 WL 1183134, at *2 (E.D. Cal. Mar. 28, 2016) (same). The Court **GRANTS** Defendants' Motion in Limine No. 4. Any evidence regarding payment or reimbursement by the State of California shall be excluded.

**B.     Plaintiff's Motions in Limine**

**1.     Plaintiff's Motion in Limine No. 1**

Plaintiff moves to exclude all evidence of Plaintiff's 2002 criminal convictions[1] under FRE 402, 403, and 609. ECF No. 63 at 2. Defendants do not oppose Plaintiff's motion. ECF No. 71 at 1. However, Defendants argue that they should be allowed to introduce evidence of Plaintiff's

---

[1] Plaintiff was convicted of PC 187 (Murder), PC 664/187 (Attempted Murder), PC 12022.53(d) (Discharge Firearm Causing Death/Great Bodily Injury), and PC 12021(a)(1) (Ex-Felon Possession of Firearm) on November 22, 2002. ECF No. 63 at 2.

prior convictions if Plaintiff testifies about "laudatory chronos"[2] to demonstrate that he is a trustworthy person. *Id.* at 2.

Evidence of criminal convictions more than 10 years old is only admissible if "(1) its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect; and (2) the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use." Fed.R.Evid. 609(b).

The Court finds the prejudicial effect of introducing Plaintiff's prior convictions substantially outweighs its probative value. "[E]vidence of Plaintiff's prior convictions is not admissible because the prior convictions are not relevant to the present civil action," which involve allegations of cruel and unusual punishment, excessive force, and retaliation. *Seals v. Mitchell*, Case No. 04-cv-3764-NJV, 2011 WL 1399245, at *3 (N.D. Cal. Apr. 13, 2011); *see also Ellis v. Navarro*, 07-cv-5216-SBA(PR), 2012 WL 3580284, at *2 (N.D. Cal. Aug. 17, 2012) ("Defendants contend that Plaintiff's 1995 conviction for attempted murder of a police officer should be admitted, notwithstanding Rule 403 . . . given the serious nature of Plaintiff's offense, advising the jury of his prior conviction for a violent felony would be unduly prejudicial under Rule 403."); *cf. United States v. Glenn*, 667 F.2d 1269, 1273 (9th Cir.1982) ("Generally, crimes of violence, theft crimes, and crimes of stealth do not involve 'dishonesty or false statement' . . . [unless] the crime was actually committed by fraudulent or deceitful means."). Accordingly, the Court **GRANTS** Plaintiff's Motion in Limine No. 1. Neither party shall introduce evidence of Plaintiff's prior convictions.

2.  **Plaintiff's Motion in Limine No. 2**

Plaintiff moves to exclude evidence of Plaintiff's conduct in prison before and after November 23, 2019, and evidence of Plaintiff's alleged gang affiliation. ECF No. 63 at 5-8.

  a.  **Conduct Before November 23, 2019**

Plaintiff argues his prison conduct before November 23, 2019 is irrelevant, improper

---

[2] According to Defendants, "laudatory chronos" is prison jargon for short memoranda that commend an inmate for completing a class, volunteering for a charitable effort, and participating in a character-building workshop. ECF No. 71 at 2 n.1.

1  character evidence, and unfairly prejudicial.  ECF No. 63 at 5-8.  Defendants seek to admit Trial
2  Exhibit S, which contains documents relating to Rules Violation Report # 6916660 and Defendant
3  Madsen's September 19, 2019 discovery of a cellphone in Plaintiff's property.  ECF No. 74.[3]
4  Defendants argue Trial Exhibit S is relevant to Plaintiff's claims and are evidence of Plaintiff's
5  motive to accuse Defendant Madsen of misconduct.  *Id*. at 1-3.  Defendants also argues that if
6  Plaintiff opens the door by claiming he is a "model inmate," Defendants should be allowed to use
7  evidence of Plaintiff's prison conduct, including Plaintiff's disciplinary record, as rebuttal
8  evidence.  ECF No. 71 at 3.

9  The Court **GRANTS** Plaintiff's Motion in Limine No. 2 regarding Plaintiff's prison
10 conduct before November 23, 2019.  Although the facts of this case involve Plaintiff filing a
11 "602" against Defendant Madsen after Defendant Madsen found a cell phone in Plaintiff's
12 property on September 19, 2019, "[p]resenting Plaintiff's incidents of prison discipline may
13 prejudice the jury against Plaintiff and confuse, distract, and mislead the jury from the main issues
14 in this action."  *Seals v. Mitchell*, 2011 WL 1399245, at *6.  Moreover, Defendants' Trial Exhibit
15 S seeks to admit evidence from Plaintiff's disciplinary hearing, which includes hearsay testimony
16 from several officers and prison staff members.  "[G]iven the hearsay problems . . . Defendants
17 would need to call witnesses with personal knowledge to testify regarding each disciplinary
18 incident, which would waste time during trial."  *Robinson v. Delgado*, No. 02-cv-1538-NJV, 2010
19 WL 1838866 (N.D. Cal. May 3, 2010).  Finally, the Court finds Defendants' alternative purpose
20 motive argument unpersuasive.  Defendants have failed to demonstrate how Plaintiff's motive in
21 filing a "602" against Defendant Madsen is relevant to Plaintiff's First and Eighth Amendment
22 claims.  *See Hill v. Arnold*, No. 09-cv-5434-TEH, 2015 WL 3523199, at *2 (N.D. Cal. June 4,
23 2015) ("The Court finds Plaintiff's alternative purposes unpersuasive; Plaintiff has not shown how
24 evidence of a small number of other complaints against Defendants will go to Defendants' intent in
25 any way other than as improper character evidence suggesting that Defendants acted in conformity
26 with a character trait.").

---

[3] On November 8, 2022, Defendants filed a Notice of Error in Defendants' Brief Opposing Motion in Limine.  ECF No. 74.

1       However, the Court cautions Plaintiff that if Plaintiff claims he is a "model inmate,"
2  Defendants may introduce rebuttal evidence that involves Plaintiff's conduct and disciplinary
3  record before November 23, 2019.  *See* FRE 608(b) ("[E]xtrinsic evidence is not admissible to
4  prove specific instances of a witness's conduct in order to attack or support the witness's character
5  for truthfulness.  But the court may, on cross-examination, allow them to be inquired into if they
6  are probative of the character for truthfulness or untruthfulness."); *Gomez v. Fachko*, Case No. 19-
7  cv-5266-LHK, 2021 WL 5178821, at *7 (N.D. Cal. Nov. 8, 2021) ("[T]he Court will not allow
8  Defendants to present such evidence absent an opening of the door by Plaintiff.  If the Court
9  allows Defendants to present evidence that Santa Clara police officers generally have clean
10 records, then Plaintiff may introduce rebuttal evidence.").

### b. Conduct After November 23, 2019

Plaintiff argues evidence of Plaintiff's conduct after November 23, 2019 is irrelevant and unfairly prejudicial.  ECF No. 63 at 5.  Defendants argue evidence of Plaintiff's administrative segregation, which occurred after November 23, 2019, is relevant because Plaintiff has alleged that Defendants retaliated against him by placing him in administrative segregation.  ECF No. 71 at 4-5.

The Court agrees with Plaintiff.  The Pretrial Conference Statement and Plaintiff's Trial Brief do not allege retaliation by placement in administrative segregation.  Instead, the filings have narrowed Plaintiff's retaliation theory to retaliation by sexual assault.  *See* ECF Nos. 62 (Pretrial Conference Statement) at 4 (listing "Whether Defendant Madsen directed Officer Mora to sexually assault Plaintiff on November 23, 2019, in retaliation for Plaintiff filing a 602 against Defendant Madsen" as a disputed factual issue); 64 (Plaintiff's Trial Brief) at 1 ("Mr. Jones's claims arise out of two incidents . . . The first incident was a cell search . . . The second incident was a sexual assault during a clothed body search performed by Defendant Mora and directed by Defendant Madsen in retaliation for filing the cell search prison grievance.").  Moreover, the parties' joint jury instructions only discuss retaliation "by subjecting [Plaintiff] to a pretextual clothed body search in which Defendant Mora squeezed Mr. Jones's testicles twice, causing pain," ECF No. 65 at 31, 34, and Plaintiff admitted during the December 1, 2022 Pretrial Conference that he has

abandoned the theory of retaliation by placement in administrative segregation. Accordingly, evidence of Plaintiff's November 23, 2019 placement in administrative segregation is irrelevant. *See* FRE 401 ("Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."); *Ramirez v. City of Gilroy*, Case No. 17-cv-0625-VKD, 2020 WL 1492704, at *2 (N.D. Cal. Mar. 27, 2020) ("[E]vidence that tends to make one party's version of events more or less probable is relevant.") (citing *Boyd v. City and Cty. of San Francisco*, 576 F.3d 938, 944–45 (9th Cir. 2009)). The Court **GRANTS** Motion in Limine No. 2 regarding conduct after November 23, 2019.

### c. Alleged Gang Affiliation

Plaintiff argues evidence of his alleged gang affiliation is irrelevant and unfairly prejudicial. ECF No. 63 at 8. Defendants do not oppose Plaintiff's motion. ECF No. 71 at 3. However, Defendants argue they should be allowed to introduce evidence of gang affiliation if Plaintiff opens the door and claims he has no gang affiliation. *Id.*

The Court **GRANTS IN PART AND DENIES IN PART** Plaintiff's Motion in Limine No. 2 regarding Plaintiff's alleged gang affiliation. Evidence of Plaintiff's alleged gang affiliation shall be excluded. However, "the Court agrees with [Defendants] that such gang affiliation evidence may be admissible for impeachment or in rebuttal depending on whether [Plaintiff] open[s] the door to this subject." *Galindo v. Tassio*, Case No. 13-cv-0105-HRL, 2014 WL 12693525, at *2 (N.D. Cal. June 19, 2014); *see also Nguyen v. Tilton*, Case No. 06-cv-1414-JSK, 2009 WL 839278, at *10 (N.D. Cal. Mar. 30, 2009) ("[W]hile gang membership evidence cannot be used to prove substantive elements of the crime, it may be used for other purposes during trial such as impeachment.").

### 3. Plaintiff's Motion in Limine No. 3

Plaintiff moves to exclude evidence of Plaintiff's prior prison complaints under FRE 403 and 404(b). ECF No. 63 at 9-10. Defendants do not oppose Plaintiff's motion. ECF No. 71 at 3-4. However, Defendants argue that they should be allowed to rebut assertions regarding prior prison complaints if Plaintiff opens the door to his history of filing grievances. *Id.*

9

The Court agrees with Defendants. The Court **GRANTS** Plaintiff's Motion in Limine No. 3. Evidence of Plaintiff's prior complaints shall be excluded. However, if Plaintiff opens the door and testifies about his history of filing grievances, Defendants may introduce rebuttal evidence of Plaintiff's prior complaints. *See United States v. Hegwood*, 977 F.2d 492, 496 (9th Cir. 1992) ("[W]hen the defendant 'opens the door' to testimony about an issue by raising it for the first time himself, he cannot complain about subsequent government inquiry into that issue . . . Because Wilson's attorney asked Brundage about Wilson's character as a drug dealer, the government was entitled to put on evidence about his character.").

**4. Plaintiff's Motion in Limine No. 4**

Plaintiff moves to attend the trial without shackles. ECF No. 63 at 10-12. Defendants argue Plaintiff's legs should be shackled because of his criminal history and history of non-violent disciplinary infractions. ECF No. 71 at 4-5.

"[J]udges must seek to maintain a judicial process that is a dignified process." *Deck v. Missouri*, 544 U.S. 622, 631 (2005). When evaluating whether to shackle an in-custody plaintiff during a civil trial, the Court must perform an "individualized security determination" that takes into account the circumstances of the particular case. *Claiborne v. Blauser*, 934 F.3d 885, 896, 900 (9th Cir. 2019).

The Court finds that the circumstances of this case demonstrate a compelling need for limited shackling. First, Plaintiff's violent criminal history supports shackling. *See United States v. Yandell*, Case No. 19-cv-0107-KJM, 2020 WL 5982096, at *3 (E.D. Cal. Oct. 8, 2020) ("[T]he history and characteristics of the in custody defendant, also supports full shackling. Although Torres has not been disruptive or committed crimes of violence in the recent past, he has been convicted of three crimes involving the killing or attempted killing of another human being."). Second, although Plaintiff argues that his security risk and prison placement score have been low from 2014 to 2020, Plaintiff has failed to demonstrate that his current scores, from 2021 to 2022, are low. Neither party has provided the Court with Plaintiff's complete prison disciplinary record. Finally, Plaintiff's lengthy sentence also supports the need for shackling. *See McCurdy v. Kernan*, Case No. 17-cv-1356-SAB (PC), 2022 WL 198546, at *2 (E.D. Cal. Jan. 21, 2022). Accordingly,

10

**DENIES** Plaintiff's Motion in Limine No. 4 and finds it appropriate to require Plaintiff's legs to be shackled during the trial. However, to mitigate any prejudice caused by the limited shackling, the Court will cover Plaintiff's and Defendants' counsel tables with tablecloths so that the shackling is not visible to the jury. The Court will also excuse the jury if and when Plaintiff needs to move in, around, and out of the courtroom.

Although Plaintiff did not file a request to appear in civilian clothes during the trial, the Court hereby **ORDERS** that Plaintiff shall be allowed to wear civil clothes during the trial. Plaintiff's counsel will be responsible for bringing Plaintiff's civilian clothes to the Unites States Marshals each morning before trial.

**IT IS SO ORDERED.**

Dated: December 1, 2022

THOMAS S. HIXSON
United States Magistrate Judge